WILLIAM G. SCHIFERLE, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In his answer to this complaint seeking foreclosure of a mortgage, defendant raised six counterclaims. Plaintiff subsequently moved for summary judgment on the complaint and for dismissal of the counterclaims. The court properly denied the motion for judgment on the complaint, and for judgment dismissing the first two counterclaims. Numerous factual issues were raised regarding fraud, misrepresentation, fraudulent concealment and fraud in the inducement sufficient to preclude summary judgment (see, Trepuk v Frank, 44 NY2d 723).

The court erred, however, by failing to dismiss counterclaims numbered three through six. The third, fifth and sixth counterclaims sought damages based upon an alleged breach of contract and all of the acts giving rise to a breach were alleged to have occurred on or before September 1978. Since the action was commenced in 1985, these counterclaims were barred by the six-year Statute of Limitations (CPLR 213 [2]). The fourth counterclaim sought damages for intentional interference with contractual relations and was likewise based on conduct occurring on or before September 1978. That counterclaim was barred by the three-year Statute of Limitations (CPLR 214 [4]; Kartiganer Assocs. v Town of New Windsor, 108 AD2d 898, 899; see also, Williams v Arpie, 56 AD2d 689, 690, affd 44 NY2d 689). Accordingly, we modify the order to grant partial summary judgment dismissing the third through sixth counterclaims asserted in defendant's answer. (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.

■ DEBRA J. POWELL et al., Appellants, v CHRISTINE VAN HOUTEN et al., Defendants, and SONYA A. HUGHES, Respondent. (Action No. 1.) (And Another Action.) (Appeal No. 1.)— Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, Tillman, J. (Appeal from order of Supreme Court, Monroe County, Tillman, J.— summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.

■ DEBRA J. POWELL et al., Appellants, v CHRISTINE VAN HOUTEN et al., Respondents, et al., Defendants. (Action No. 1.) (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term,

Tillman, J. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.

■ THOMAS C. SHED, Appellant, v TERRY L. SOFIA, Formerly Known as TERRY L. SHED, Respondent.—Order affirmed without costs for reasons stated in decision at Supreme Court, Fallon, J.

All concur, except Pine and Balio, JJ., who dissent and vote to reverse and grant the petition, in accordance with the following memorandum.

Pine and Balio, JJ. (dissenting). We must dissent, as we disagree with the majority that respondent has met her burden of proving exceptional circumstances or pressing concerns for the welfare of her children or herself warranting her relocation to California and the consequent interruption of frequent visitation between the children and their father (see, Barie v Faulkner, 115 AD2d 1003).

As in all such cases, close examination of the facts is required. The parties met in college and were married in 1976. The mother graduated from college; the father did not. Two children were born of the marriage; Thomas, born November 3, 1978 and Samantha, born April 29, 1982. The family had lived in Rochester for one year before the parents finally separated in July 1982, when Samantha was about two months old. (There had been a separation of 3 or 4 days duration when the mother was seven months pregnant with Samantha and the father said he needed to be free.) Both times the mother went with the children to Buffalo, where her parents then lived.

The parties entered into a property settlement and support agreement which provided that "The Wife shall remain a resident of and domiciled within the State of New York, unless a change of residence or domicile is necessitated by adequate and sound reasons or significant concerns, such as economic or health related reasons." Pursuant to this agreement the father had visitation with the children for two weeks every summer, once a month from 6:00 P.M. on Friday until 6:00 P.M. on Sunday, three full days from 10:00 A.M. to 9:00 P.M. monthly, and alternating legal holidays and birthdays. At the time of this proceeding the father still lived in the Rochester area, some 75 miles from the residence of the mother, and visitation actually occurred twice a month, usually from Saturday morning at 10:00 A.M. to Sunday evening at 7:00 P.M. a day and a half at a time. He never exercised his